IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

COREY D. SPECK,

        Plaintiff,                            No. CIV S-09-3440 GEB EFB P

    vs.

SHASTA COUNTY SHERIFF DEPARTMENT, et al.,

        Defendants.               <u>ORDER</u>

_____/

       Corey Speck filed this pro se civil rights lawsuit under 42 U.S.C. § 1983 when he was an inmate. It appears that plaintiff is no longer incarcerated. On March 30, 2011, the court dismissed plaintiff's complaint with leave to amend. On July 21, 2011, plaintiff filed a first amended complaint, together with a request that the court provide him with certain documents relating to his arrest and conviction. Dckt. No. 14.

       Pursuant to 28 U.S.C. § 1915A, the court shall review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief

1

from a defendant who is immune from such relief." *Id.* § 1915A(b).

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id.* (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. *Id.* at 1950.

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).

////

1    The court has reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915A and finds it
2 does not contain facts sufficient to state a cognizable claim.  Plaintiff writes that in 2008, he was
3 pulled over by defendant Deputy Kropholler, a deputy for "drug task force."  Dckt. No. 14-1 at
4 1.  He writes that he was pulled over for traffic violations, but was not issued a citation.  *Id.* at 2.
5 Deputy McQuillan "was said officer who seen all traffic infractions."  *Id.* at 3.  His vehicle was
6 searched without his permission.  *Id.*  Plaintiff claims that he was "profiled" by Kropholler, who
7 asked plaintiff how he could "afford a truck like that and he can't."  *Id.* at 1.  Plaintiff claims that
8 Kropholler "participated in the intimidation of driving to an empty field."  *Id.*  Plaintiff seeks
9 damages related to being incarcerated for a period of time.  *Id.*  He writes that "all charges were
10 not true case dismissed."  *Id.* at 2.  He writes that "CHP has issued memos.  It is believed officers
11 been reprimanded from Siskiyou County and Tehama County for reasons involving lying."  *Id.*

12    The fourth amendment does require law enforcement officers to have at least a
13 reasonable suspicion of criminal activity before making a brief investigatory stop.  *See Terry v.*
14 *Ohio*, 392 U.S. 1, 9, 30 (1968); *United States v. Johnson*, 581 F.3d 994, 999 (9th Cir. 2009)
15 ("Police may detain or seize an individual for brief, investigatory purposes, provided the officers
16 making the stop have reasonable suspicion that criminal activity may be afoot.").  During a Terry
17 stop, "the officer may ask the detainee a moderate number of questions to determine his identity
18 and to try to obtain information confirming or dispelling the officer's suspicions."  *Berkemer v.*
19 *McCarty*, 468 U.S. 420, 439 (1984).  Unless the brief investigation provides the officer with
20 probable cause for arrest, the person stopped must be released.  *Id.* at 439-40.

21    Plaintiff may be attempting to allege that officers Kropholler and McQuillan violated his
22 Fourth Amendment rights by pulling him over without having a reasonable suspicion of criminal
23 activity and then searching his vehicle.  He may then have been incarcerated as a result of
24 evidence found during the search.  However, plaintiff has not pled his claims with sufficient
25 factual specificity in order to state a cognizable claim.  Although plaintiff claims that he was
26 "profiled," plaintiff does not explain whether one or both of the officers pulled him over, why

they pulled him over, why and how they searched his vehicle, what they found as a result of the search, what he was charged with, whether he was convicted of a crime based on these charges, and how long he was incarcerated based on these charges. If plaintiff was convicted of a crime, he must allege that his conviction was later invalidated. *See Heck v. Humphrey*, 512 U.S. 477 (1994). Thus, to proceed plaintiff must file an amended complaint containing these facts.

Any amended complaint must adhere to the following requirements:

It must be complete in itself without reference to any prior pleading. E.D. Cal. Local Rule 220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

It must show that the federal court has jurisdiction and that plaintiff's action is brought in the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. *Johnson*, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

It must contain a caption including the name of the court and the names of all parties. Fed. R. Civ. P. 10(a).

Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). Unrelated claims against different defendants must be pursued in multiple lawsuits. "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim . . . may join, [] as independent or as alternate claims, as many claims . . . as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the

4

required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also* Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied). Plaintiff may not change the nature of this suit by alleging new, unrelated claims in an amended complaint. *George*, 507 F.3d at 607 (no "buckshot" complaints).

The allegations must be short and plain, simple and direct and describe the relief plaintiff seeks. Fed. R. Civ. P. 8(a); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002). A long, rambling pleading, including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury or joining a series of unrelated claims against many defendants very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Rule 41 of the Federal Rules of Civil Procedure for violation of these instructions.

Plaintiff must sign the complaint. Fed. R. Civ. P. 11(a). By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001). By signing an amended complaint plaintiff certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his entire action.

Plaintiff has also requested that the court provide him with the following documents to prove his allegations: the records of the officers' traffic stops from 2006-2008, CHP memos regarding interstate 5 stops, records "former DDA pertaining officer misconduct," copies of

officer work history, lab findings, "records to proceeding concerning the courts stance to letting case proceed for so long" and "also Jalan stats." Dckt. No. 14 at 1. Plaintiff is advised that he need not produce evidence to support his allegations at this point in the proceeding. If plaintiff amends his complaint to state a cognizable claim for relief, he will have the opportunity to seek documents through the discovery process at a later date.

Accordingly, the court hereby ORDERS that:

1. The complaint is dismissed with leave to amend within 30 days. The amended complaint must bear the docket number assigned to this case and be titled "First Amended Complaint." Failure to comply with this order will result in a recommendation that this action be dismissed. If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

2. Plaintiff's request for documents is denied. *See* Dckt. No. 14.

Dated: November 22, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

6