1

2

3

4

5

6

7

8                     IN THE UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10   COREY D. SPECK,

11            Plaintiff,                    No. 2:09-cv-3440 GEB EFB P

12        vs.

13   SHASTA COUNTY SHERIFF
     DEPARTMENT, et al.,
14
              Defendants.                    ORDER
15   _____/

16        Plaintiff is a former inmate proceeding pro se with this civil rights action under 42 U.S.C.

17   § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C.

18   § 636(b)(1).  *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).  Before the court is plaintiff's

19   amended complaint.

20        Federal courts must engage in a preliminary screening of cases in which prisoners seek

21   redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

22   § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion

23   of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

24   relief may be granted," or "seeks monetary relief from a defendant who is immune from such

25   relief."  *Id.* § 1915A(b).

26   ////

                                                 1

1    In order to avoid dismissal for failure to state a claim a complaint must contain more than

2    "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

3    of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007).  In other words,

4    "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

5    statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

6    Furthermore, a claim upon which the court can grant relief has facial plausibility.

7    *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual

8    content that allows the court to draw the reasonable inference that the defendant is liable for the

9    misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.  When considering whether a complaint states a

10    claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*

11    *Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to

12    the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

13    A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal

14    Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain

15    statement of the claim showing that the pleader is entitled to relief, in order to give the defendant

16    fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*,

17    550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

18    Here, the complaint names three Doe defendants.  Plaintiff is hereby informed that the

19    use of Doe defendants in federal court is problematic, *see Gillespie v. Civiletti*, 629 F.2d 637,

20    642 (9th Cir. 1980), and ultimately unnecessary.  Should plaintiff learn the identities of parties

21    he wishes to serve, he must promptly move pursuant to Rule 15 of the Federal Rules of Civil

22    Procedure to file an amended complaint to add them as defendants.  *See Brass v. County of Los*

23    *Angeles*, 328 F.3d 1192, 1197-98 (9th Cir. 2003).  If the timing of his amended complaint raises

24    questions as to the statute of limitations, plaintiff must satisfy the requirements of Rule 15(c),

25    which is the controlling procedure for adding defendants whose identities were discovered after

26    commencement of the action.  Additionally, unknown persons cannot be served with process

2

1   until they are identified by their real names and the court will not investigate the names and

2   identities of unnamed defendants.

3        The court has reviewed plaintiff's complaint for the limited purposes of § 1915A

4   screening.  The complaint alleges that defendants Kropholler and McQuillan, employees of the

5   Shasta County Sheriff's Department of Shasta County, subjected plaintiff to an improper search

6   and seizure.  Liberally construed, the court finds that the complaint states potentially cognizable

7   claims against defendants Kropholler and McQuillan.

8        The complaint's allegations against the remaining defendants, Tom Bosenko, the County

9   of Shasta, and the Shasta Sheriff's Department, however, fail to state a cognizable claim for

10  relief.  Plaintiff claims that defendants Kropholler and McQuillan "had no adequate training

11  regarding the arrest, investigatory stop, search, [and] seizure" and that defendants Bosenko,

12  Shasta County and the Shasta County Sheriff's Department failed to adequately train and

13  supervise defendants Kropholler and McQuillan.  Dckt. No. 16 ¶¶ 73, 77, 91.  It also alleges that

14  the Sheriff's Department and the County "implemented careless and reckless policies, customs

15  or practices, that included . . . allowing employees known to have provided false statements and

16  information in official documents and proceedings . . . to continue to patrol the highways, free to

17  stop without cause or reason, remove citizens from their vehicles without cause or reason,

18  conduct a warrantless search not once, or twice, but three times, all without any reasonable

19  suspicion or any articulable probable cause . . . ."  *Id.* ¶ 90.

20       An individual defendant is not liable on a civil rights claim unless the facts establish the

21  defendant's personal involvement in the constitutional deprivation or a causal connection

22  between the defendant's wrongful conduct and the alleged constitutional deprivation.  *See*

23  *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th

24  Cir. 1978).  That is, plaintiff may not sue any official on the theory that the official is liable for

25  the unconstitutional conduct of his or her subordinates.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948

26  (2009).  Because respondeat superior liability is inapplicable to § 1983 suits, "a plaintiff must

3

1    plead that each Government-official defendant, through the official's own individual actions, has

2    violated the Constitution." *Id.*  It is plaintiff's responsibility to allege facts to state a plausible

3    claim for relief.  *Iqbal*, 129 S. Ct. at 1949; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir.

4    2009).

5         Here, plaintiff names Tom Bosenko as a defendant based on conclusory allegations that

6    Bosenko failed to adequately train and supervise defendants Kropholler and McQuillan and that

7    Bosenko should have known that Kropholler and McQuillan had lied in the past.  Plaintiff's

8    claims against defendant Bosenko must be dismissed because plaintiff fails to allege plausible

9    facts showing Bosenko's involvement in the alleged deprivation of plaintiff's rights and

10   improperly seeks to hold Bosenko liable under a theory of respondeat superior.  Moreover, the

11   allegations fail to show any connection between the alleged deprivation of plaintiff's rights, and

12   the fact that Bosenko may have known that defendants Kropholler and McQuillan had lied in the

13   past.

14        "Municipalities and other local government units . . . [are] among those persons to whom

15   § 1983 applies."  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978).  However, a

16   municipal entity or its departments, is liable under § 1983 only if plaintiff shows that his

17   constitutional injury was caused by employees acting pursuant to the municipality's policy or

18   custom.  *See Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 964 (9th Cir. 2008) (citing

19   436 U.S. at 690-94).  "[A]n act performed pursuant to a 'custom' that has not been formally

20   approved by an appropriate decisionmaker may fairly subject a municipality to liability on the

21   theory that the relevant practice is so widespread as to have the force of law."  *Board of Cty.*

22   *Comm'rs. of Bryan Cty. v. Brown*, 520 U.S. 397, 404 (1997).  A local governmental entity may

23   also be liable if it has a "policy of inaction and such inaction amounts to a failure to protect

24   constitutional rights."  *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir.1992) (citing *City of*

25   *Canton v. Harris*, 489 U.S. 378 (1989)); *see also Monell*, 436 U.S. at 690-91.  The custom or

26   policy of inaction, however, must be the result of a "conscious," *City of Canton*, 489 U.S. at 389,

4

1  or "'deliberate choice to follow a course of action . . . made from among various alternatives by

2  the official or officials responsible for establishing final policy with respect to the subject matter

3  in question.'" *Oviatt*, 954 F.2d at 1477 (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469,

4  483-84 (1986) (plurality opinion)).

5      Here, plaintiff fails to sufficiently demonstrate that he was injured as a result of

6  employees acting pursuant to any policy or custom of Shasta County of the Shasta County

7  Sheriff's Department.  Plaintiff's threadbare recitals regarding an alleged policy or custom are

8  unsupported by any specific facts and thus, fail to demonstrate that either the County or the

9  Sheriff's Department, systematically condoned unlawful detentions and searches.  Plaintiff's

10  general claims of inadequate training or supervision are not enough because "[p]roof of a single

11  incident of unconstitutional activity is not sufficient to impose liability under *Monell* . . . ."  *City*

12  *of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985).  Plaintiff fails to allege any specific

13  facts regarding "obvious" deficiencies in the Sheriff's or the County's training program.  *See*

14  *Canton*, 489 U.S. at 390-91 ("That a particular officer may be unsatisfactorily trained will not

15  alone suffice to fasten liability on the city, for the officer's shortcomings may have resulted from

16  factors other than a faulty training program.").  Because a local government entity may not be

17  held vicariously liable under § 1983 for the unconstitutional acts of its employees under the

18  theory of respondeat superior, defendants Shasta County and Shasta County Sheriff's

19  Department must therefore be dismissed with leave to amend.  *See Board of Cty. Comm'rs.*, 520

20  U.S. at 403.

21      Accordingly, plaintiff may either proceed against defendants Kropholler and McQuillan

22  only, or he may amend his complaint to attempt to cure the deficiencies in his claims against the

23  other named defendants.  Plaintiff is not obligated to amend his complaint.  If plaintiff chooses to

24  proceed against defendants Kropholler and McQuillan only, the court will construe plaintiff's

25  election as his voluntary dismissal of defendants Bosenko, Shasta County, and Shasta County

26  Sheriff's Department, without prejudice.

5

1    Any amended complaint must be written or typed so that it so that it is complete in itself

2    without reference to any earlier filed complaint.  L.R. 220.  This is because an amended

3    complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the

4    earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114

5    F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter

6    being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.

7    1967)).

8        Plaintiff may not change the nature of this suit by alleging new, unrelated claims in an

9    amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot"

10   complaints).

11       Accordingly, the court hereby orders that:

12       1.  The allegations in the pleading are sufficient at least to state potentially cognizable

13   claims against defendants Kropholler and McQuillan.

14       2.  Defendants Bosenko, Shasta County, and Shasta County Sheriff's Department are

15   dismissed with leave to amend within 21 days of service of this order.  Plaintiff is not obligated

16   to amend his complaint.

17       3.  With this order the Clerk of the Court shall provide to plaintiff a blank summons, a

18   copy of the December 28, 2011 amended complaint, two USM-285 form and instructions for

19   service of process on defendants Kropholler and McQuillan.  Within 30 days of service of this

20   order plaintiff may return the attached Notice of Submission of Documents with the completed

21   summons, the completed USM-285 forms, and three copies of the complaint.  The court will

22   transmit them to the United States Marshal for service of process pursuant to Rule 4 of the

23   Federal Rules of Civil Procedure.  Defendants Kropholler and McQuillan will be required to

24   respond to plaintiff's allegations within the deadlines stated in Rule 12(a)(1) of the Federal Rules

25   of Civil Procedure.  In this event, the court will construe plaintiff's election to proceed forthwith

26   as his voluntary dismissal of defendants Bosenko, Shasta County, and Shasta County Sheriff's

1  Department, without prejudice.

2         4.  Failure to comply with this order may result in a recommendation that this action be

3  dismissed.

4  Dated:  November 19, 2012.

5                                          EDMUND F. BRENNAN
                                           UNITED STATES MAGISTRATE JUDGE
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

1

2

3

4

5                          IN THE UNITED STATES DISTRICT COURT

6                        FOR THE EASTERN DISTRICT OF CALIFORNIA

7    COREY D. SPECK,

8              Plaintiff,                    No. 2:09-cv-3440 GEB EFB P
         vs.
9
     SHASTA COUNTY SHERIFF
10   DEPARTMENT, et al.,

11             Defendants.              NOTICE OF SUBMISSION OF DOCUMENTS

12   _____/

13        In accordance with the court's Screening Order, plaintiff hereby elects to:

14        (1)  _____   proceed only against defendants Kropholler and McQuillan, consent to the

15   dismissal of defendants Bosenko, Shasta County, and Shasta County Sheriff's Department, and

16   submits the following documents:

17             __1__        completed summons form

18             __2__        completed forms USM-285

19             __3__        copies of the December 28, 2011 amended complaint

20   **OR**

21        (2)  _____   delay serving any defendant and files an amended complaint in

22   accordance with the court's Screening Order.

23   Dated:

24

25                                    _____
                                              Plaintiff

26

                                          8