IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

COREY D. SPECK,

        Plaintiff,                    No. 2:09-cv-3440 GEB EFB P

     vs.

SHASTA COUNTY SHERIFF
DEPARTMENT, et al.,               <u>ORDER AND ORDER DIRECTING SERVICE
BY THE UNITED STATES MARSHAL</u>
        Defendants.           <u>WITHOUT PREPAYMENT OF COSTS</u>

                                  /

        Plaintiff is a former inmate proceeding without counsel in an action brought under 42 U.S.C. § 1983. He proceeds *in forma pauperis*. *See* 28 U.S.C. § 1915. The court previously determined that service of the complaint is appropriate for defendants Kropholler and McQuillan and ordered plaintiff to return the Notice of Submission of Documents, along with a completed summons, sufficient copies of the complaint for service, and information for service of process on the form USM-285. Plaintiff has filed the required papers.

        Accordingly, IT IS HEREBY ORDERED that:

        1. The December 21, 2012 findings and recommendations (Dckt. No. 18) are vacated.

        2. The Clerk of the Court is directed to forward to the United States Marshal the completed summons, the copies of the complaint, and the instructions for service of process, as

1

well as copies of the form Consent to Proceed Before a United States Magistrate Judge, and copies of this order.

    3. Within 14 days from the date of this order, the United States Marshal shall notify the above-named defendants of the commencement of this action and request a waiver of service of summons in accordance with the provisions of Fed. R. Civ. P. 4(d) and 28 U.S.C. § 566(c).

    4. The United States Marshal shall retain the sealed summons and a copy of the complaint for future use.

    5. The United States Marshal shall file returned waivers of service of summons and requests for waivers that are returned as undelivered promptly upon their receipt.

    6. **If a defendant waives service, the defendant is required to return the signed waiver to the United States Marshal. The filing of an answer or a responsive motion does not relieve a defendant of this requirement, and the failure to return the signed waiver may subject a defendant to an order to pay the costs of service pursuant to Fed. R. Civ. P. 4(d)(2).**

    7. If a defendant fails to return a waiver of service of summons within 60 days from the date the request for waiver is mailed, the United States Marshal shall:

        a. Personally serve process and a copy of this order upon the defendant, *see* Fed. R. Civ. P. 4, 28 U.S.C. § 566(c), and command all necessary assistance from the California Department of Corrections and Rehabilitation (CDCR) or any last known employer of the defendant to execute this order, while maintaining the confidentiality of all information so provided.

        b. File, within 14 days after effecting personal service, the return of service with evidence of any attempts to secure a waiver of service of summons and of the costs incurred in effecting service. Such costs shall be enumerated on the form USM-285 and shall include any costs the United States Marshal's office incurs for photocopying additional copies of the summons and complaint and for

preparing new forms USM-285. Costs of service will be taxed against the personally served defendant. *See* Fed. R. Civ. P. 4(d)(2).

8. Defendants shall reply to the complaint within the time provided in Fed. R. Civ. P. 12(a).

9. Unless otherwise ordered, all motions to dismiss, motions for summary judgment, discovery motions, and motions made under the authority of Fed. R. Civ. P. 7, 11, 12, 15, 41, 55, 56, 59 and 60, and Local Rule ("L.R.") 110 shall be briefed in accordance with L.R. 230(l). Failure to timely file an opposition or statement of no opposition to such a motion may be deemed a waiver of opposition to the motion and may result in the imposition of sanctions. L.R. 230(l). Oppositions to all other motions need to be filed only as directed by the court.

10. If plaintiff is released from prison while this case is pending, any party may request application of the other provisions of L.R. 230 in lieu of L.R. 230(l). Until such a motion is granted, L.R. 230(l) will remain in effect regardless of plaintiff's custodial status. *See* L.R. 102(d).

11. If defendant moves to dismiss for failure to exhaust administrative remedies, defendant must contemporaneously serve with the motion, but in a separate document, a copy of the attached *Wyatt* Notice. *See Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012); *Wyatt v. Terhune*, 315 F.3d 1108, 1115, 1120 n.15 (9th Cir. 2003). **Failure to do so may constitute grounds for denial of the motion.**

12. If defendant moves for summary judgment, defendant must contemporaneously serve with the motion, but in a separate document, a copy of the attached *Rand* Notice. *See Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012); *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998). **Failure to do so may constitute grounds for denial of the motion.**

13. Unsigned affidavits or declarations will be stricken, and affidavits or declarations not signed under penalty of perjury have no evidentiary value.

////

3

14. Each party shall keep the court informed of a current address at all times while this action is pending. Any address change must be reported promptly to the court in a separate document captioned for this case and must be entitled "Notice of Change of Address." A notice of address change must be properly served on other parties. Service of documents at the address on record for a party is fully effective. *See* L.R. 182(f). A party's failure to inform the court of a change of address may result in the imposition of sanctions, including dismissal of the action.

15. The Clerk of the Court shall serve upon plaintiff a copy of the Local Rules of Court.

16. The failure of any party to comply with this order, the Federal Rules of Civil Procedure, or the Local Rules of Court may result in the imposition of sanctions including, but not limited to, dismissal of the action or entry of default. Fed. R. Civ. P. 41(b); L.R. 110, 183(a).

DATED: January 10, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4

**Wyatt Notice to Plaintiff**

This notice is provided to ensure that you, a pro se prisoner plaintiff, "have fair, timely and adequate notice of what is required" to oppose a motion to dismiss for failure to exhaust administrative remedies. See Woods v. Carey, 684 F.3d 934 (9th Cir. 2012); Wyatt v. Terhune, 315 F.3d 1108, 1115, 1120 n.15 (9th Cir. 2003). The court requires that you be provided with this notice regarding the requirements for opposing a motion to dismiss for failure to exhaust administrative remedies.

When a defendant moves to dismiss some or all of your claims for failure to exhaust administrative remedies, the defendant is requesting that the court dismiss claims for which you did not exhaust available administrative remedies. A "motion to dismiss for failure to exhaust administrative remedies is similar to a motion for a summary judgment in that the district court will consider materials beyond the pleadings." Stratton v. Buck, 2012 WL 4094937, at *3 (9th Cir. Sept. 19, 2012). The defendant may submit affidavits or declarations under penalty of perjury and admissible documents in support of the motion.

To oppose the motion, you must submit proof of specific facts regarding the exhaustion of administrative remedies. To do this, you may refer to specific statements made in your complaint if you signed your complaint under penalty of perjury and if your complaint shows that you have personal knowledge of the matters stated. You may also submit declarations setting forth facts regarding exhaustion of your claims, as long as the person who signs the declaration has personal knowledge of the facts stated. You may also submit all or part of deposition transcripts, answers to interrogatories, admissions, and other authenticated documents. If you fail to contradict the defendant's evidence with your own evidence, the court may accept the defendant's evidence as the truth and grant the motion. If you do not respond to the motion, the court may consider your failure to act as a waiver of your opposition. See L.R. 230(l).

////

1  If the court grants the defendant's motion, whether opposed or unopposed, your
2 unexhausted claims will be dismissed.  If all of your claims are unexhausted, your entire case
3 will be over.  If, however, you exhaust administrative remedies for your claims at a later date,
4 you may raise those claims in a new action.

**Rand Notice to Plaintiff**

This notice is provided to ensure that you, a pro se prisoner plaintiff, "have fair, timely and adequate notice of what is required" to oppose a motion for summary judgment. See Woods v. Carey, 684 F.3d 934 (9th Cir. 2012); Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998). The court requires that you be provided with this notice regarding the requirements for opposing a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

When a defendant moves for summary judgment, the defendant is requesting that the court grant judgment in defendant's favor without a trial. If there is no real dispute about any fact that would affect the result of your case, the defendant who asked for summary judgment is entitled to judgment as a matter of law, which will end your case against that defendant. A motion for summary judgment will set forth the facts that the defendant asserts are not reasonably subject to dispute and that entitle the defendant to judgment.

To oppose a motion for summary judgment, you must show proof of your claims. To do this, you may refer to specific statements made in your complaint if you signed your complaint under penalty of perjury and if your complaint shows that you have personal knowledge of the matters stated. You may also submit declarations setting forth the facts that you believe prove your claims, as long as the person who signs the declaration has personal knowledge of the facts stated. You may also submit all or part of deposition transcripts, answers to interrogatories, admissions, and other authenticated documents. For each of the facts listed in the defendant's Statement of Undisputed Facts, you must admit the facts that are undisputed, and deny the facts that are disputed. If you deny a fact, you must cite to the proof that you rely on to support your denial. See L.R. 260(b). If you fail to contradict the defendant's evidence with your own evidence, the court may accept the defendant's evidence as the truth and grant the motion.

////

////

////

1    The court will consider a request to postpone consideration of the defendant's motion if
2 you submit a declaration showing that for a specific reason you cannot present such facts in your
3 opposition. If you do not respond to the motion, the court may consider your failure to act as a
4 waiver of your opposition. <u>See</u> L.R. 230(l).
5    If the court grants the defendant's motion, whether opposed or unopposed, judgment will
6 be entered for that defendant without a trial and the case will be closed as to that defendant.