UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COREY D. SPECK, | No. 2:09-cv-3440-TLN-EFB P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| SHASTA COUNTY SHERIFF'S DEPARTMENT, et al., | |
| Defendants. | |

Plaintiff is a former state prisoner proceeding pro se with this civil rights action under 42 U.S.C. § 1983. He proceeds on his December 28, 2011 amended complaint, which includes twelve causes of action. ECF No. 16. According to the allegations therein, defendants Kropholler and McQuillan ("defendants"), employees of the Shasta County Sheriff's Department, subjected plaintiff to an improper search and seizure. Defendants move to dismiss all but the Fourth cause of action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, on the ground that plaintiff has failed to state a claim upon which relief can be granted. ECF No. 28. For the reasons stated below, defendants' motion must be granted.

I.  BACKGROUND

Plaintiff's amended complaint alleges that on September 25, 2008, Shasta County Sheriff's deputies Patrick Kropholler and Chris McQuillan stopped plaintiff's vehicle without probable cause and conducted an illegal search and seizure, and wrongful arrest. ECF No. 16.

1

On November 19, 2012, the court screened plaintiff's amended complaint pursuant to 28 U.S.C. § 1915A(a). ECF No. 17. The court allowed this action to proceed against defendants Kropholler and McQuillan, but dismissed defendants Tom Bosenko, the County of Shasta, and the Shasta County Sheriff's Department. *Id.*

## II.  LEGAL STANDARDS

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55, 562-63, 570 (2007) (stating that the 12(b)(6) standard that dismissal is warranted if plaintiff can prove no set of facts in support of his claims that would entitle him to relief "has been questioned, criticized, and explained away long enough," and that having "earned its retirement," it "is best forgotten as an incomplete, negative gloss on an accepted pleading standard"). Thus, the grounds must amount to "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action. *Id.* at 1965. Instead, the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citation omitted). Dismissal may be based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

The complaint's factual allegations are accepted as true. *Church of Scientology of Cal. v. Flynn*, 744 F.2d 694, 696 (9th Cir. 1984). The court construes the pleading in the light most favorable to plaintiff and resolves all doubts in plaintiff's favor. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). General allegations are presumed to include specific facts necessary to support the claim. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

The court may disregard allegations contradicted by the complaint's attached exhibits. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987); *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295-96 (9th Cir.1998). Furthermore, the court is not required to accept as true allegations contradicted by judicially noticed facts. *Sprewell v. Golden State Warriors*, 266

1  F.3d 979, 988 (9th Cir. 2001) (citing *Mullis v. U.S. Bankr. Ct.*, 828 F.2d 1385, 1388 (9th Cir.

2  1987)).  The court may consider matters of public record, including pleadings, orders, and other

3  papers filed with the court.  *Mack v. South Bay Beer Distributors*, 798 F.2d 1279, 1282 (9th Cir.

4  1986) (abrogated on other grounds by *Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104

5  (1991)).  "[T]he court is not required to accept legal conclusions cast in the form of factual

6  allegations if those conclusions cannot reasonably be drawn from the facts alleged."  *Clegg v.*

7  *Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).  Nor is the court required to accept

8  unreasonable inferences, or unwarranted deductions of fact.  *Sprewell*, 266 F.3d at 988.

9       Pro se pleadings are held to a less stringent standard than those drafted by lawyers.

10 *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  Unless it is clear that no amendment can cure its

11 defects, a pro se litigant is entitled to notice and an opportunity to amend the complaint before

12 dismissal.  *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc); *Noll v. Carlson*,

13 809 F.2d 1446, 1448 (9th Cir. 1987).

14     III.   DISCUSSION

15      Defendants contend that plaintiff's Second, Third, and Eighth claims are moot in light of

16 the court's November 19, 2012 screening order, which dismissed defendants Tom Bosenko, the

17 County of Shasta, and the Shasta County Sheriff's Department.  Defendants further argue that the

18 First, Fifth, Sixth, Seventh, Ninth, Tenth, Eleventh, and Twelfth claims fail to state a claim.

19         a.   <u>Second, Third, and Eighth Claims</u>

20      The defendants who are named in the Second, Third, and Eighth claims for relief have

21 been dismissed from this action.  *See* ECF No. 17 (Nov. 19, 2012 Screening Order).  Further, the

22 claims against these defendants were also implicitly dismissed by the court's November 19, 2012

23 screening order.  Thus, plaintiff's Second, Third, and Eighth claims have already been resolved.

24         b.   <u>First and Fifth Claims</u>

25      Defendants argue that the First and Fifth claims for relief are duplicative of the Fourth

26 claim for relief.  The argument is well taken.

27      The Fourth claim alleges that defendants "falsely arrest[ed] and detain[ed]" plaintiff in

28 violation of his rights under "the Fourth, Fifth and Fourteenth Amendments to the Constitution of

the United States." ECF No. 16 at 18.  The First claim is presented as a "general" claim under 42 U.S.C. § 1983. *Id.* at 14.  The factual allegations supporting this claim, however, state that the defendants acted under color of state law to deprive plaintiff of his rights under the Fourth, Fifth, and Fourteenth Amendments through their unauthorized stop, search, and seizure. *Id.* at 14-15. These allegations merely duplicate those supporting the Fourth claim for relief and should therefore be dismissed. *See M.M. v. Lafayette Sch. Dist.*, 681 F.3d 1082, 1091 (9th Cir. 2012) ("a district court has broad discretion to control its own docket, and that includes the power to dismiss duplicative claims").

In addition to the duplicative nature of the allegations in the First claim, the conclusory allegations therein of excessive force and a due process violation fail to state a claim upon which relief may be granted.  He asserts that he was deprived of "the right to be free from excessive use of force," and "deprived of liberty without due process of law." *Id.* at 15.  His mere reference to a right to be free from excessive force is insufficient to state a cognizable claim for relief.[1] *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994) ("[t]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged.").  And as discussed below, plaintiff fails to state a cognizable due process claim.  For these reasons, the First claim should be dismissed.

The Fifth claim is labeled as one for a deprivation of property without due process under § 1983, but largely repeats the allegations concerning the search and seizure alleged in plaintiff's Fourth claim. *See* ECF No. 16 at 19-20.  To this extent, the Fifth claim is also duplicative and should be dismissed.  However, the Fifth claim also includes the allegation that defendants "illegally" seized plaintiff's vehicle and all its contents. *Id.*  As defendants point out, this alone is not sufficient to state a cognizable due process claim.  "[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for

---

[1] Pursuant to § 1915(e)(2), the court may sua sponte dismiss allegations that fails to state a claim upon which relief may be granted.  Because plaintiff may be able to state an excessive force claim through additional allegations, this claim should be dismissed with leave to amend.

the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Plaintiff fails to state a due process claim because he alleges that the property deprivation was unauthorized, and because California provides an adequate postdeprivation remedy. *See Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam). For these additional reasons, plaintiff's Fifth claim should be dismissed.

           c. <u>Sixth, Seventh, Ninth, Tenth, Eleventh, and Twelfth Claims</u>

Plaintiff's Sixth (false imprisonment), Seventh (negligence), Ninth (conspiracy), Tenth (conversion), Eleventh (negligent infliction of emotional distress), and Twelfth (abuse of process) causes of action are all state law tort claims against public employee defendants Kropholler and McQuillan. Defendants argue that these claims must be dismissed for plaintiff's failure to plead compliance with California's Government Claims Act ("GCA").

The GCA requires that a party seeking to recover money damages from a public entity or its employees must submit a claim to the entity *before* filing suit in court, generally no later than six months after the cause of action accrues. Cal. Gov't Code §§ 905, 911.2, 945, 950.2 (emphasis added); *see also Shirk v. Vista Unified Sch. Dist.*, 42 Cal. 4th 201, 208 (2007) ("*Before* suing a public entity, the plaintiff must present a timely written claim. . .") (emphasis added). "The legislature's intent to require the presentation of claims before suit is filed could not be clearer." *City of Stockton v. Super. Ct.*, 42 Cal. 4th 730, 746 (2007). Timely claim presentation is not merely a procedural requirement of the GCA but is an element of a plaintiff's cause of action. *Shirk*, 42 Cal. 4th at 209. Thus, when a plaintiff asserts a claim subject to the GCA, he must affirmatively allege compliance with the claim presentation procedure, or circumstances excusing such compliance, in his complaint. *Id.* The requirement that a plaintiff asserting claims subject to the GCA must affirmatively allege compliance with the claims filing requirement applies in federal court as well. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988).

This argument, too, is well taken. Plaintiff seeks monetary damages and does not allege compliance with the GCA. *See* ECF No. 16, ¶ 143. Accordingly, plaintiff's state law claims must be dismissed with leave to amend for failure to allege compliance with the GCA.

### IV. LEAVE TO AMEND

Plaintiff may, but is not required, to amend his complaint to allege compliance with the GCA and to state an excessive force claim. If plaintiff elects to file a second amended complaint against defendants Kropholler and McQuillan as authorized herein, the complaint shall not add new claims or new defendants.

Plaintiff is reminded that the court cannot refer to a prior pleading in order to make his second amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).

Additionally, plaintiff must comply with the requirements of Federal Rules of Civil Procedure 8(a) (i.e., that the complaint set forth a short and plain statement of the claim(s), showing entitlement to relief and giving the defendant(s) fair notice of the claim(s) against them) and 10(b) (i.e., if plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs).

### V. RECOMMENDATION

Accordingly, IT IS HEREBY RECOMMENDED that defendants' motion to dismiss (ECF No. 28) be granted as follows:

1. This action shall proceed solely on the Fourth claim for relief; and
2. Plaintiff be provided thirty days from the date of any order adopting these findings and recommendations to file a second amended complaint as provided herein.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The

/////

6

1  parties are advised that failure to file objections within the specified time may waive the right to
2  appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez*
3  *v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
4  Dated: February 10, 2014.

       EDMUND F. BRENNAN
       UNITED STATES MAGISTRATE JUDGE