1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   COREY D. SPECK,                              No.  2:09-cv-3440-TLN-EFB P

12                    Plaintiff,

13          v.                                     FINDINGS AND RECOMMENDATIONS

14   SHASTA COUNTY SHERIFF'S
     DEPARTMENT, et al.,
15

16                    Defendants.

17          Plaintiff is a former state prisoner proceeding pro se with this civil rights action under 42

18   U.S.C. § 1983.  According to the allegations in his December 28, 2011 amended complaint,

19   defendants Kropholler and McQuillan ("defendants"), employees of the Shasta County Sheriff's

20   Department, subjected him to an improper search and seizure.

21          On April 1, 2013, defendants moved to dismiss all but plaintiff's Fourth cause of action

22   pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, on the ground that plaintiff had

23   failed to state a claim upon which relief can be granted.  ECF No. 28.  In granting the motion, the

24   court informed plaintiff that he could either proceed on his Fourth cause of action, relating to the

25   allegedly improper search and seizure, or file an amended complaint to correct the deficiencies in

26   his excessive force and state law tort claims.  *See* ECF No. 39 (Feb. 11, 2014 Findings and

27   Recommendations); ECF No. 43 (Apr. 3, 2014 Order Adopting Findings and Recommendations).

28   /////

1

1    The court informed plaintiff that any amended complaint shall name Kropholler and McQuillan

2    as defendants, shall not add any new claims or new defendants, and that once an amended

3    complaint is filed, the original complaint is superseded.  ECF No. 39 at 6.

4           Plaintiff filed a second amended complaint which is now before the court for screening.

5    Federal courts must engage in a preliminary screening of cases in which prisoners seek redress

6    from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

7    § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion

8    of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

9    relief may be granted," or "seeks monetary relief from a defendant who is immune from such

10   relief."  *Id.* § 1915A(b).

11          The second amended complaint improperly identifies the "Shasta County Sheriff

12   Department" as the sole defendant, and contains numerous allegations unrelated to the claims of

13   an improper search and seizure, excessive force, and state law torts.  Rather, the second amended

14   complaint, which fails to identify any specific claims for relief, complains generally of racism in

15   prison, plaintiff's mental instability, broken family ties, and lack of employment.  *See* ECF No.

16   41.  For these vague and conclusory complaints, plaintiff seeks three million dollars.  *Id.*  Thus,

17   the amended complaint fails to comply with the court's instructions in granting him leave to

18   amend, including the admonition that any amended complaint must identify the proper defendants

19   and claims for relief.

20          Moreover, the allegations are too vague and conclusory to state a cognizable claim for

21   relief.  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair

22   notice and state the elements of the claim plainly and succinctly.  *Jones v. Community Redev.*

23   *Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  Because plaintiff has disregarded the requirements

24   for an amended complaint as set forth in the February 11, 2014 findings and recommendations,

25   and also fails to state a claim upon which relief could be granted, the second amended complaint

26   should be dismissed pursuant to 28 U.S.C. § 1915A and Rule 41(b) of the Federal Rules of Civil

27   Procedure.

28   /////

1      Accordingly, IT IS HEREBY RECOMMENDED that the second amended complaint

2 (ECF No. 41) be dismissed without further leave to amend pursuant to 28 U.S.C. § 1915A and

3 Rule 41(b) of the Federal Rules of Civil Procedure and that the Clerk be directed to close the

4 case.

5      These findings and recommendations are submitted to the United States District Judge

6 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

7 after being served with these findings and recommendations, any party may file written

8 objections with the court and serve a copy on all parties.  Such a document should be captioned

9 "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

10 objections shall be served and filed within fourteen days after service of the objections.  The

11 parties are advised that failure to file objections within the specified time may waive the right to

12 appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez*

13 *v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

14 Dated:  July 2, 2014.

15

16      EDMUND F. BRENNAN
      UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28